IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:12-CV-1067-WKW [WO] |
| VICTOR LONDON, DORA L. HILL, and SIGNATURE GROUP FINANCIAL, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Metropolitan Life Insurance Company ("MetLife") has moved for entry of default judgment against Victor London (Doc. # 17) and to interplead funds into the court and be dismissed (Doc. # 15). Its motions will be granted.

**I. BACKGROUND**

MetLife brings an interpleader action naming Dora L. Hill, Victor London, and Signature Group Financial, LLC, as Defendants. Ms. Hill is the named beneficiary of a policy issued under the Federal Employees Group Life Insurance Act ("FEGLIA") payable upon the death of the decedent, Jesse Williams, Sr. MetLife administers FEGLIA policies, which are issued pursuant to federal law. *See* 5 U.S.C. §§ 8701–16. Ms. Hill assigned $7,483 of the total $8,750 in FEGLIA benefits to the funeral home that handled Mr. Williams's arrangements, and the funeral home, in

turn, assigned that sum to Signature Group Financial, LLC.  Before MetLife could distribute the benefits, it received an undated letter from Mr. London, a relative of Mr. Williams, stating that Ms. Hill "committed identity theft on several" of Mr. Williams's accounts and that Ms. Hill's claim was fraudulent.  (Doc. # 1, Ex. E.)  MetLife brought its interpleader complaint to avoid exposure to double liability.

The complaint arises under federal law as that term is used in 28 U.S.C. § 1331 because a FEGLIA policy "is not a private contract between the insured and the insurer, but a federal policy administered under federal law." *O'Neal v. Gonzalez*, 839 F.2d 1437, 1440 (11th Cir. 1988).  There is, therefore, a jurisdictional basis for the claim in federal court, and Rule 22 interpleader is available because MetLife has joined three parties who it believes have "claims that may expose [it] to double or multiple liability."  Fed. R. Civ. P. 22(a).

## II.  MOTION FOR DEFAULT JUDGMENT

Mr. London, one of the three adverse parties who MetLife believes may subject it to multiple liability, has failed to answer.  MetLife moves for a default judgment against him.  *See Sun Life Assur. Co. of Canada v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the res forfeits any claim of entitlement that might have been asserted."). MetLife has complied with the procedural requirements for

obtaining a default judgment, as it has secured an entry of default from the clerk based upon Defendants' failure to file an answer or otherwise defend this action. (Doc. # 20); *see also* Fed. R. Civ. P. 55(a). Accordingly, MetLife's Motion for Default Judgment (Doc. # 17) is due to be granted.

### III.  MOTION TO DISCHARGE LIABILITY

MetLife asserts that the requirements for interpleader have been met, and, therefore, it should be discharged from further liability. (Docs. # 1, 15.) It represents that the Defendants who have appeared, Ms. Hill and Signature Group Financial, consent to MetLife's discharge from the case. MetLife has disavowed all interest in the *res* and asks the court to enjoin all Defendants from instituting any action or proceeding in any court against MetLife for the recovery of the *res*. *Kurland v. United States*, 919 F. Supp. 419, 422 (M.D. Fla. 1996) ("Interpleader gives the disinterested party the ability to bow out, leaving the actual parties with real interests at stake to litigate their claims."). Further, MetLife has waived its complaint request for attorneys' fees and costs. In light of the default judgment against Mr. London, the remaining Defendants' consent, and MetLife's imminent satisfaction of the requirements of interpleader, it is entitled to the relief it seeks.

## IV.  CONCLUSION

It is ORDERED that Plaintiff's Motion for Default Judgment (Doc. # 17) is GRANTED.

It is further ORDERED that Plaintiff's Motion to Pay Funds into the Court and for Order of Dismissal (Doc. # 15) is GRANTED in part.  No later than **June 17, 2013,** MetLife shall pay into the registry of the court the FEGLI Benefits, plus any applicable interest.  Upon such payment, the court will dismiss MetLife with prejudice, discharge it from further liability, and enter an appropriate injunction.

At that time, Ms. Hill and Signature Group Financial will be required to litigate or settle and adjust between them their claims for the FEGLI benefits.  If, as it appears, they are in agreement, they should file a notice reflecting such agreement and informing the court how they wish it to direct the *res* no later than **June 17, 2013**.  *Cf. Valley Forge Life Ins. Co. v. Rockmore*, 7:07-CV-0063(HL), 2008 WL 1805450, at *1 (M.D. Ga. Apr. 18, 2008) (finding that if "all but one named interpleader defendant has defaulted, the remaining defendant is entitled to the *res*").

DONE this 20th day of May, 2013.

                                       /s/ W. Keith Watkins  
                             CHIEF UNITED STATES DISTRICT JUDGE